UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FARIDA B. RAHMAN,                  :

       Plaintiff           :     CIVIL ACTION NO. 3:23-363

    v.                                 :          (JUDGE MANNION)

TINA POLACHECK GARTLEY,   :

       Defendant        :


**MEMORANDUM**

Pending before the court is a report from United States Magistrate Judge Susan E. Schwab which recommends that the plaintiff's complaint be dismissed without leave to amend. (Doc. 14). It is further recommended that the plaintiff's motion for default judgment be denied. The plaintiff has filed objections to the report. (Doc. 16).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The background of the instant action has been detailed by Judge Schwab in her report and need not be repeated herein. Suffice it to say that the plaintiff has filed the instant civil rights action alleging that she was subjected to violations of her constitutional rights during civil proceedings which were held before the only named defendant, Judge Tina Polachek Gartley.

In reviewing the allegations of the complaint, Judge Schwab finds that defendant Gartley is entitled to immunity on the plaintiff's claims regardless of whether they are official or individual capacity claims. As to any official capacity claims, Judge Schwab finds that defendant Gartley is entitled to Eleventh Amendment immunity. With respect to any individual capacity claims, Judge Schwab finds that defendant Gartley is entitled to absolute judicial immunity.

The plaintiff has filed objections to Judge Schwab's report, as well as a supporting brief with attached exhibits. (Doc. 16). While difficult to decipher at times, it is clear that the plaintiff has not presented anything to demonstrate that defendant Gartley is not entitled to immunity on the claims before this court. As a result, her objections will be overruled and the report of Judge Schwab will be adopted in its entirety.

As to the plaintiff's pending motion for default judgment, before filing her amended complaint on April 4, 2023 (Doc. 8), the plaintiff filed a motion to proceed *in forma pauperis* (Doc. 5), which was granted (Doc. 7). However, it was not until Judge Schwab issued an order on April 10, 2023, that the plaintiff's amended complaint was deemed filed. (Doc. 10). Despite the complaint not being deemed filed until April 10, 2023, on May 4, 2023, the plaintiff filed a motion requesting that default judgment be entered in the

amount of $65,000 because the defendant failed to respond. Because the amended complaint had only been deemed filed as of April 10, 2023, and had not been served, Judge Schwab recommends that the motion for default judgment be denied.

Again, nothing in the plaintiff's objections or accompanying materials demonstrates that Judge Schwab's report and recommendation should not be adopted. In fact, the plaintiff's motion for default judgment was premature because the complaint had not been deemed filed by the court until April 10, 2023, and had not been served. Moreover, even if the amended complaint had been served, the plaintiff's motion was procedurally deficient under the provisions of Fed.R.Civ.P. 55 because no default had first been requested by the plaintiff or entered by the Clerk of Court under Fed.R.Civ.P. 55(a). As such, the plaintiff's objections will be overruled and Judge Schwab's report and recommendation will be adopted in its entirety on this basis as well.

As a final matter, on May 23, 2023, the plaintiff filed a motion arguing that sanctions should be imposed upon the defendant because the plaintiff had not yet received a copy of the defendant's brief in opposition to her motion for default judgment filed with the court on May 15, 2023. A certificate of service provided by defendant's counsel certifies that a copy of the opposing brief was mailed to the plaintiff at her address of record on May 15,

2023, the day it was filed with the court. In any event, the court has already made a finding that the plaintiff's motion for default judgment was premature and procedurally inappropriate. As such, her motion for sanctions will be denied.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 12, 2024**
23-363-01